1  KENNETH L. ROSENFELD SBN 186060
   **ROSENFELD LAW FIRM**
2  1107 9th Street, Suite 850
   Sacramento, CA 95814
3  (916) 447-2070 Office
   (916) 447-2097 Facsimile
4  Email krosenfeld@therosenfeldlawfirm.com

5  N. ALLEN SAWYER SBN 173565
   **THE LAW OFFICES OF ALLEN SAWYER**
6  7488 Shoreline Drive, Ste B1
   Stockton, CA 95219
7  Phone: (209) 406-2117
   Fax: (800) 968-0650
8  allen@allensawyer.com

9  Attorneys for Plaintiff
10 STEPHEN TRESNER, an individual

11

12

13

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

14

15  STEPHEN TRESNER, an individual,

                        Plaintiff,
16                 v.

17  GAVIN NEWSOM, in his official capacity as
    Governor of California; SONIA Y. ANGELL, MD,
18  MPH, in her official capacity as the Director and State
    Public Health Officer; COUNTY OF
19  SACRAMENTO; DR. OLIVIA KASIRYE, in her
    official capacity as the Sacramento County Public
20  Health Officer, and DOES 1-50, Inclusive,

21

22                        Defendants.

Case No.

**PLAINTIFF'S VERIFIED
COMPLAINT FOR DAMAGES,
DECLARATORY AND
INJUNCTIVE RELIEF**

23

24      NOW COMES the above-named plaintiff, Stephen Tresner ("Tresner") by and through

25  his attorneys, Kenneth L. Rosenfeld and N. Allen Sawyer, and for claims against the above-

26  named Defendants, hereby alleges as follows:

27  / /

28  / /

COMPLAINT                                    - 1 -

## INTRODUCTION

1.      The Governor of the State of California, together with State Public Health Officer, and the Sacramento County Public Health Officer, have imposed state and county-wide orders (the "Orders") commanding the closure of businesses deemed "non-essential" as part of their effort to counter the spread of COVID-19, the novel coronavirus that appears to have originated from the city Wuhan, Hubei Province, Peoples' Republic of China. These Orders have, with the bludgeoning blow of the butcher, struck at and virtually destroyed civil rights and liberties of Plaintiff.

2.      Plaintiff brings this action to contest the constitutionality of Defendants' Orders that have curbed, and threaten to continue curbing, Plaintiff's civil rights and liberties.

3.      Defendants' Orders presently violate Plaintiff's rights under both the U.S. Constitution and the Constitution of the State of California and threaten to continue to violate Plaintiff's rights while inflicting economic damage to Plaintiff.

4.      Plaintiff brings this action challenging the constitutionality of Defendants' Orders.

5.      Plaintiff seeks that relief made available to him by Title 42 U.S.C. § 1983, including equitable and injunctive relief to enjoin the enforcement of Defendants' Orders and declaratory relief that Defendants' Orders violate Plaintiff's federal civil rights under the Constitution and laws of the United States and under the Constitution of the State of California.

6.      In addition, Plaintiff invokes the supplemental jurisdiction of this Court over his claims arising under the Constitution and laws of the State of California.

7.      The Plaintiff herein, Stephen Tresner, brings this action claiming injuries to his rights guaranteed to him under the First, Fifth, and Fourteenth Amendments, said injuries

COMPLAINT

- 2 -

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

inflicted on him by the adoption, promulgation, and enforcement of certain Orders of the Governor.

## PARTIES

8.      Plaintiff Stephen Tresner is a citizen of the United States and a resident of Yolo County, California.

9.      Tresner is the sole proprietor of Rio Linda Fitness System, located at 970 Oak Lane, Rio Linda, CA 95673.

10.      Defendant Gavin Newsom is made a party to this Action in his official capacity as the Governor of California. The California Constitution vests the "supreme executive power of the State" in the Governor, who "shall see that the law is faithfully executed." (Cal. Const. Art. V, § 1).

11.      Defendant Sonia Y. Angell, MD, MPH ("Dr. Angell") is made a party to this Action in her official capacity as the Director and State Public Health Officer.

12.      Defendant County of Sacramento (hereinafter "Defendant County") is, and at all times herein mentioned has been, a general law county organized and existing as a municipal corporation under the laws of the State of California.

13.      Defendant Dr. Olivia Kasirye ("Kasirye") is made a party to this Action in her official capacity as the Public Health Officer of Sacramento County.

## JURIDICTION AND VENUE

14.      Herein, Plaintiff complains that the Defendants have deprived him, are depriving him, and will continue to deprive him of federal constitutional rights, including the rights to substantive due process, to procedural due process, to equal protection, to security of his property against takings without just compensation.

COMPLAINT

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

15.     The claims asserted by Plaintiff are redressable in a civil action for damages, for injunctive relief, and for declaratory judgment as provided in Title 42 U.S.C. § 1983.

16.     The United States Congress has conferred on this Court federal question jurisdiction over the Plaintiff's Title 42 U.S.C. § 1983 claims via its enactment of Title 28 U.S.C. §§ 1331 and 1343.

17.     The United States Congress has granted to this Court the authority to award the Plaintiff his requested declaratory relief under Title 28 U.S.C. § 2201.

18.     The United States Congress has granted to this Court the authority to award the Plaintiff his requested injunctive relief and damages under Title 28 U.S.C. § 1343(a).

19.     The United States Congress has authorized this Court, because Plaintiff's Complaint presents an appropriate case in which to do so, the authority to award to Plaintiff his costs, including a reasonable attorneys' fee award, under Title 42 U.S.C. § 1988.

20.     The Eastern District of California is the appropriate venue for this action pursuant to Title 28 U.S.C. §§ 1391(b) (1) and (2) because it is the District in which Defendants maintain offices, do substantial official government work, exercise their authority in their official capacities, and it is the District in which substantially all of the events giving rise to the claims occurred.

21.     The Sacramento Division of the United State District Court for the Eastern District of California is the appropriate division of the Court – under Local Rule 120(d) – because the claims set forth herein arise from acts and/or omissions which occurred within the boundaries of the Sacramento division.

22.     Congress has conferred on this Court supplemental jurisdiction over all state claims by its enactment of Title 28 U.S.C. §1367, because Plaintiff's state law claims arise from

the same, common nucleus of operative facts as the Plaintiff's federal claims such that Plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

## FACTUAL ALLEGATIONS

### *Fitness Systems and the Role of Personal Trainers in Health and Recovery*

1.       Plaintiff Tresner has never been diagnosed with the COVID-19 virus.

2.       Plaintiff Tresner has never been subjected to a quarantine investigation by the Defendants.

3.       The Defendants never have, nor do they now have, any probable cause to suspect or reasonable suspicion to believe that Plaintiff is infected with, exposed to, or contaminated with the novel coronavirus, or that Plaintiff is under COVID-19 infection, such that Plaintiff could spread to or contaminate others if remedial action is not taken.

4.       The Defendants never had, nor do they now have, any probable cause to suspect or reasonable suspicion to believe that Plaintiff is a serious and imminent risk to the health and safety of others if not detained for isolation.

5.       Plaintiff's business, Rio Linda Fitness, operates in the census-designated place of Rio Linda, in the County of Sacramento, California.

6.       To conduct his business, Plaintiff has formulated contracts with individuals and other businesses for the provision of his facilities and services.

7.       Among the goods and services provided by Rio Linda Fitness are personal trainer services.

8.       The personal trainer services provided at Rio Linda Fitness include the designing of exercise programs, the coaching of clients to healthier and more active lifestyles, and prevention of injury by ensuring appropriate exercise technique and safety.

COMPLAINT

- 5 -

9.      Personal trainers also assist clients in following through with the exercise regimen recommendations of their clients' physical therapists.

10.     Among the personal trainer services offered by Rio Linda Fitness, several services are directly related to physical therapy, including body composition analysis, cardiovascular output analysis, muscular strength analysis, rehabilitation, and mobility work.

11.     Rio Linda Fitness provides various pieces of equipment and machines identical to those found in the offices of physical therapists, including but not limited to, resistance bands, plyometric boxes, and inversion tables.

12.     Clients of Rio Linda Fitness rely on the services of the gym and of personal trainers at the gym to comply with doctors' orders for training, rehabilitation, and recovery.

13.     As the summer approaches, clients of Rio Linda Fitness that suffer from poorer health find that elevated temperatures make it more difficult to safely accomplish their necessary exercise and rehabilitative activities, and require the ability to train in a climate controlled environment.

14.     Clients of Rio Linda Fitness include individuals who have been working hard to reduce obesity (a comorbidity of COVID-19), to manage or eliminate diabetes (a comorbidity of COVID-19), to work muscular systems stricken by muscular sclerosis, to recover from severe injuries to shoulders and other muscle systems, and to manage high blood pressure (a comorbidity of COVID-19).

15.     Tresner had to shut down business operations at Rio Linda Fitness, as gyms were deemed "non-essential."

16.     Tresner attempted to get financial assistance from the government, but was denied.

COMPLAINT

- 6 -

17. Rio Linda Fitness System is capable of adhering to social distancing guidelines while remaining open by implementing the following non-exhaustive list of procedures:

    a. Limiting occupancy to 75 members (i.e. 466 sq. ft. per person);

    b. Directing members to sanitize equipment before and after use;

    c. Spacing out the gym equipment by 6 ft. (See Exhibit 3 – Photos of Rio Linda Fitness System);

    d. Employing staff to disinfect equipment.

18. Plaintiff never wanted to close his business, and currently desires and plans to reopen his business.

### A Cascade of Declarations and Orders Responding to COVID-19

19. In December 2019, a novel coronavirus known as SARS-CoV-2 ("the virus") was first detected in Wuhan, Hubei Province, People's Republic of China, causing outbreaks of the coronavirus disease COVID-19 to spread globally.

20. On January 31, 2020, Alex Azar, the United States Secretary of Health and Human Services ("HHS") declared a public health emergency under section 319 of the Public Health Service Act (42 U.S.C. 247d), in response to COVID-19.

21. On or about March 13, 2020, President Donald J. Trump proclaimed a National State of Emergency as a result of the threat of the emergence of COVID-19 and reported his declaration to the United States Congress.

22. On March 4, 2020 Gov. Newsom issued a proclamation declaring, as of that date, that the State of California was in a State of Emergency due to the COVID-19 pandemic.

23. Gov. Newsom issued the proclamation pursuant to authority granted him under the Emergency Services Act (hereinafter referred to as "The Act"). (See California Government Code sections 8550-8669.7.)

COMPLAINT

- 7 -

24.     The Act states: "The Governor is hereby empowered to proclaim a state of emergency in an area affected or likely to be affected thereby when he finds that local authority is inadequate to cope with the emergency." (See California Government Code section 8625(c).)

25.     The Act defines a "State of Emergency" as follows:

"State of emergency" means the duly proclaimed existence of conditions of disaster or of extreme peril to the safety of persons and property within the state caused by conditions such as air pollution, fire, flood, storm, epidemic, riot, drought, cyberterrorism, sudden and severe energy shortage, plant or animal infestation or disease, the Governor's warning of an earthquake or volcanic prediction, or an earthquake, or other conditions, other than conditions resulting from a labor controversy or conditions causing a "state of war emergency," which, by reason of their magnitude, are or are likely to be beyond the control of the services, personnel, equipment, and facilities of any single county, city and county, or city and require the combined forces of a mutual aid region or regions to combat, or with respect to regulated energy utilities, a sudden and severe energy shortage requires extraordinary measures beyond the authority vested in the California Public Utilities Commission. (See California Government Code Section 8558(b).)

26.     Gov. Newsom determined the COVID-19 pandemic to be a "public health emergency."

27.     Gov. Newsom found that under the provisions of Government Code section 8625(c), local authority is inadequate to cope with the threat posed by COVID-19.

28.     In regards to the termination of a state of emergency, the Act states:

The Governor shall proclaim the termination of a state of emergency at the earliest possible date that conditions warrant. All of the powers granted the Governor by this chapter with respect to a state of emergency shall terminate when the state of emergency has been terminated by proclamation of the Governor or by concurrent resolution of the Legislature declaring it at an end. (See California Government Code section 8629)

29.     On March 19th, 2020, Gov. Newsom issued Executive Order N-33-20, which ordered all California residents to "heed the current State public health directives," which were developed by the Department of Public Health.

COMPLAINT

- 8 -

30.     Through his Executive Order, Defendant Newsom mandated that "all individuals living in the State of California" were to "stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors at outlined at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19."

31.     Defendant Newsom's Executive Order took notice of the fact that the federal government had identified "critical infrastructure sectors whose assets, systems, and networks, whether physical or virtual, are considered so vital to the United States that their incapacitation or destruction would have a debilitating effect on security, economic security, public health or safety, or any combination thereof…."

32.     Defendant Newsom ordered "Californians working in these 16 critical infrastructure sectors continue their work because of the importance of these sectors to Californians' health and well-being."

33.     Defendant Newsom declared that "this Order is being issued to protect the public health of Californians" and that "our goal is simple, we want to bend the curve, and disrupt the spread of the virus."

34.     Defendant Newsom directed the Office of Emergency Services to "take all necessary steps to ensure compliance with this Order" and that the "Order shall be enforceable pursuant to California law, including, but not limited to, Government Code section 86654."

35.     On March 19th, 2020, the State Public Health Officer and Director of the Department of Public Health ordered all individuals living in California to stay home except as needed to maintain continuity of operations of the federal critical infrastructure sectors.

36.     In a cascading series of clumsy and ultra vires acts following the Declaration of a National State of Emergency, the Governor of California, the California State Public Health Officer, and the Sacramento County Public Health Officer have stripped Plaintiff of his right to

engage in his lawful trade and occupation, and to operate his lawful business. Such prohibitions and acts have injured the federal civil rights of the Plaintiff, effecting a taking of Plaintiff's business enterprises without providing just compensation therefore, all while destroying the business goodwill that Plaintiff had established through his business relations with patrons of Rio Linda Fitness.

37.    On March 19, 2020, Defendant Kasirye and the County of Sacramento issued the first in a series of Orders, captioned "Order of the Health Officer of the County of Sacramento Directing All Individuals Living in the County to Stay at Home…"

38.    The  March 19 Order claims to implement Defendant Newsom's Executive Order N-33-20.

39.    The March 19 Order was superseded by an Order dated April 7, 2020 (April 7 Order), which extended the March 19 Stay at Home Order.

40.    The April 7 Order was superseded by an Order dated May 1, 2020 (May 1 Order), which extended the March 19 Stay at Home Order even further.

41.    Paragraph 2 of the May 1 Order commands "All individuals currently living within the County of Sacramento … to stay at home or place of residence."

42.    Paragraph 2 of the May 1 Order warns that "All persons may leave their residences only for Essential Activities, Essential Governmental Functions, or to operate Essential Businesses, all as defined in Section 10 …."

43.    Paragraph 4 of the May 1 Order commands "All businesses with a facility in the County, except Essential Businesses as defined in Section 10, are required to cease all activities at facilities located within the County except Minimum Basic Operations, as defined in Section 10. For clarity, businesses may also continue operations consisting exclusively of employees or contractors performing activities at their own residences (i.e., working from home) …."

44.    Paragraph 5 of the May 1 Order commands the closure of, among other establishments, gyms.

45.    Paragraph 6 of the May 1 Order prohibits all travel "except for Essential Travel"

COMPLAINT

- 10 -

as defined in the Order.

46.     To remove any doubt about the reach of the prohibition on travel, paragraph 6 of the May 1 Order prohibits travel into or out of the County except "to perform Essential Activities, operate Essential Businesses, or maintain Essential Governmental Functions.

47.     Paragraph 11 of the May 1 Order requests that "the Sheriff and all chiefs of police in the County ensure compliance with and enforce this Order."

48.     On or about May 1, 2020, the County of Sacramento published an article entitled "Public Health 'Stay at Home'" Order Frequently Asked Questions (May 1 Article).[1]

49.     The May 1 article reiterates that similar to the March 19 and April 7 Orders, the May 1 Order will remain in effect "until May 22, 2020, or until it is extended, rescinded, superseded, or amended in writing by the Health Officer."

50.     The May 1 Article reiterated that Sacramento residents are commanded to stay at home except as permitted under the May 1 Order, that the May 1 Order "is mandatory," that the May 1 Order "is a legal Order issued under the authority of California law," and that "you are required to comply."

51.     The May 1 Article also provides guidance on how residents of Sacramento County may file complaints and reports against individuals and businesses suspected of disregarding the May 1 Order.

52.     The May 1 Order, which amended in certain respects, the March 19 and April 7 Orders, continues the forced closure of gyms.

### The Taking: Plaintiff Compelled to Close Business

53.     As a consequence of the Orders complained of herein, Plaintiff has been compelled, against his right and desire to remain in operation, to close his facility to its members.

---

[1]As of the date of this filing, the May 1 Article can be accessed online at the following URL: https://www.saccounty.net/COVID-19/Pages/PublicHealthOrderFAQs.aspx

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

54. Although the financial harm continues to mount with each additional day of compulsory closure, Plaintiff estimates that the current losses of his business amount to approximately One Hundred Thousand Dollars ($100,000.00).

55. As a direct and proximate result of the Orders complained of herein, and the threats and enforcement of those Orders, Tresner has suffered the loss of the business goodwill that he has been building since the opening of his business prior to the promulgation of the Orders.

56. Because the Orders have affected a regulatory taking of Plaintiff's business and property, leaving Plaintiff with no economically viable use of his business properties, Plaintiff retained the services of counsel to obtain relief from the burden of the Orders.

***A Seemingly Unending Train of Abuses and Usurpations in the Guise of Public Health Orders Is Destroying Plaintiff's Business, Visiting Wreck and Ruin on the Plaintiff's Federal Constitutional and Civil Rights***

57. Defendants' Orders complained of herein have caused catastrophic damage to the business and interests of Plaintiff by means of the compulsory closure of Plaintiff's facility on the basis that certain government officials have decided that Plaintiff's business is "Non-Essential."

58. The strong-arm and forced closure of Plaintiff's facility has disastrously impacted Plaintiff's financial obligations.

59. The strong-arm and forced closure of Plaintiff's facility has deprived Plaintiff of all economically feasible uses of his property.

60. Prior to the issuance of the Orders complained of herein, Plaintiff's had approximately 784 active membership accounts for Rio Linda Fitness.

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

61.   Although the accounts numbered approximately 784, some of those accounts actually represent more than a single client using Plaintiff's facility.

62.   Because Plaintiff has been compelled to close his gym, he has had to let go of his employees.

63.   Although Plaintiff has been compelled to close his gym, necessary maintenance services have still been required to be performed to maintain the gym's physical plant and facility, including pest control, HVAC services, and related physical plant maintenance and repair.

64.   Because Plaintiff has been compelled to close his gym, clients have not been billed or charged since mid-March 2020, and Plaintiff's gym has not produced any income.

65.   Neither the State of California nor the Defendant County has fulfilled their constitutional obligation to provide Plaintiff with any compensation, not to mention just compensation, for the regulatory deprivation of their property.

66.   "Essential" businesses continue to operate during the period of the May 1 Order and its predecessors.

67.   Plaintiff's "Non-Essential" business is being destroyed by government overreach in the form of unconstitutional orders promulgated and enforced by Defendants.

68.   Plaintiff complains against Defendants that the Defendants have violated the Plaintiff's federal civil rights by promulgation of the Orders set forth hereinabove, together with the threat to enforce those Orders, and with the enforcement of Orders, including Executive Order N-33-20 and its predecessors.

69.   Plaintiff's business was not identified as part of the "critical infrastructure sectors" described above, and was deemed a "Non-Essential" business.

70.     Because Plaintiff's business was "Non-Essential," Plaintiff was compelled, under threat of citation, prosecution, fine, imprisonment, and loss of business licensing, to shut down his gym business.

71.     Studies from Stanford University show that the COVID-19 infection is much more widespread than indicated by the number of confirmed cases, demonstrating that the mortality rate is significantly lower than initially projected.[2]

72.     Based on information from the John Hopkins University & Medicine Coronavirus Resource Center, COVID-19 does not spread through sweat.[3]

73.     Since the initial outbreak of COVID-19 in the United States in February 2020, the federal government's projections of the anticipated national death toll related to the virus has decreased substantially, by an order of magnitude. Despite such revisions, Defendant has increasingly restricted – where not outright banned – Plaintiff's engagement in constitutionally-protected activities.

74.     Plaintiff has set out hereinabove good and sufficient grounds to demonstrate that he is aggrieved in fact by the complained of Orders, conferring on him the necessary standing to bring his complaint before this Court.

75.     Defendants' Orders and the threat and enforcement of them inflict substantial violations of the Plaintiff's rights protected by Title 42 U.S.C. § 1983, as is the enforcement of these Orders by Defendants, which should be enjoined as provided by Title 42 U.S.C § 1983.

76.     Moreover, as set out more fully below, the Orders complained of herein constitute and affect a regulatory "partial" or "complete" taking, which, in the absence of just compensation, violates the Takings Clause of the Fifth Amendment of the U.S. Constitution.

---

[2] As of the date of this filing, the Stanford Study can be accessed online at the following URL: https://www.courthousenews.com/wp-content/uploads/2020/04/Stanford.pdf
[3] As of the date of this filing, the John Hopkins Coronavirus Resource Center can be accessed online at the following URL: https://coronavirus.jhu.edu/covid-19-basics/faq

COMPLAINT

- 14 -

77.     The Orders complained of herein are not "narrowly tailored" to further any compelling governmental interest.

78.     The absence of narrow tailoring is evidenced by the arbitrary exceptions throughout the Orders.

79.     The acts alleged herein were the product of a policy or custom of the Defendants, which caused the constitutional violations alleged herein.

80.     The acts alleged herein were taken by the Defendants, and each of them, under color of state law.

81.     The acts alleged herein taken by the Defendants, and each of them, has deprived the Plaintiff of all valuable use of his property.

82.     The Executive Order applies to persons present in California, no matter their circumstances, exhibiting no tailoring whatsoever.

83.     The Executive Order commands that no citizen, except for reasons approved by Defendants Newsom and Angell, can freely move about anywhere in the entire United States of America.

84.     In the absence of judicial relief, in the forms of a temporary restraining order, a preliminary injunction and a permanent injunction, Plaintiff will continue to suffer irreparable harm for which he is left without an adequate remedy at law, in that he is subject to criminal prosecution, and upon conviction, fines and/or imprisonment, as well as the threatened loss of his license to conduct business.

85.     Plaintiff herein expressly acknowledges that the State Defendants are not answerable in damages for the harms they have inflicted on the Plaintiff and the Plaintiff expressly repudiate any assertion that they seek any relief against the State Defendants except

COMPLAINT

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

equitable relief in the nature of a forward-looking temporary restraining order and preliminary and permanent injunctions.

## COUNT ONE

**FIRST AND FOURTEENTH AMENDMENTS**
**(By Plaintiff against All Defendants)**

1.      Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

2.      In Count I, Plaintiff seeks damages based on Defendants' violation of his rights under the First and Fourteenth Amendments, including the right to freedom of speech and freedom of assembly and freedom of expressive association.

3.      Tresner has engaged in an enterprise of helping others pursue goals in health, fitness, and modification of lifestyle.

4.      To accomplish the common goals of Plaintiff and his clients, Rio Linda Fitness conducts a broad variety of activities that fully embody the exercise of the constitutionally dimensioned rights to freedom of speech, freedom of assembly, and freedom of expressive association.

5.      The rights of Plaintiff at stake herein are supremely precious and delicate and require breathing space to survive.

6.      Those activities include individual interactions between personal trainers and clients, between class instructors and their students, and the like.

7.      Up until the effective dates of the Executive Order and the May 1 Order, Rio Linda Fitness, Tresner, his employees, the gym's personal trainers, and clients of the gym regularly engaged in the exchange of ideas and information in the areas of health, exercise, diet, and related matters.

COMPLAINT

- 16 -

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

8.      Upon the effective date of the Executive Order and the May 1 Order and its predecessors, all such exercises of the rights to freedom of speech, of assembly, and of expressive association were brutally and completely crushed as a result of the purpose and effects of the Orders complained of herein.

9.      The prohibition of speech, assembly, and expressive association worked by the Orders complained of herein is complete.

10.      Because a complete prohibition on expression, assembly, and expressive association is subject to strict scrutiny under the federal Constitution, the Defendants' Order can only survive scrutiny if they are in service of a compelling government interest and are served by means narrowly drawn to serve the purpose thereof.

11.      While the prevention and control of a public health pandemic may, generally, be categorized, without more, as a compelling government interest, the Defendants have not relied on such an overarching interest as compelled them to conclude that all concourse among the residents of California present risks of harm to that interest or that all engagement, including commercial engagement, must be suppressed in service of the asserted interest.

12.      Rather, the Defendants have concluded that many activities in daily life are entirely permissible even while demanding and forcing the closure of Plaintiff's gym, including commuting to and from places of employment, working at places of employment, traveling to and from grocery stores, hardware stores, pharmacies, and other excepted commercial businesses.

13.      The multitude of exemptions and exceptions within the classifications of essential and non-essential activities and businesses demonstrates that the asserted compelling

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

government interest is not at stake in the promulgation or enforcement of the Orders complained of herein.

14.     Further, the means selected by the Defendants, the complete prohibition of Plaintiff's operation of his gym with its attendant complete prohibition of the constitutionally protected expressive activities conducted thereat, the suppression of the right to travel, and the like, are not narrowly tailored to any lawful and legitimate purpose of the Defendants. Plaintiff has no adequate remedy at law.

15.     Plaintiff has already suffered serious and irreparable injury and will continue to do so unless and until the Defendants are enjoined by this Court from enforcing the Orders complained of herein.

16.     Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders by the Defendants.

17.     Accordingly, as provided in Title 42 U.S.C. § 1983, Plaintiff is entitled to a declaratory judgment, an injunction, and, from the County and Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT TWO

### TAKINGS CLAUSE OF THE FIFTH AMENDMENT
**(By Plaintiff against All Defendants except Defendants Newsom and Angell)**

18.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19.     In Count II, Plaintiff seeks damages based on Defendants' violation of his rights under the Takings Clause of the Fifth Amendment to the United States Constitution.

20. The Fifth Amendment prohibits the taking of private property without just compensation.

21. The Fifth Amendment is applicable to the States through the Fourteenth Amendment to the United States Constitution.

22. At all times relevant hereto, Plaintiff had a vested property right in the operation of his lawful business.

23. In purpose and effect, the Orders complained of hereinabove have accomplished a per se regulatory taking of the property of Plaintiff, for which the Constitution commands that Plaintiff should have been justly compensated.

24. Consequent to the decision of the Supreme Court in *Knick vs. Township of Scott*, Plaintiff is not required to exhaust California state remedies for the taking.

25. At no time was Plaintiff provided with just compensation for the Taking of his property via regulatory taking.

26. Defendants' Orders compelled the closure of Plaintiff's gym facility because it was a "Non-Essential" business, and as such was required to "shut down" and cease all operations as a means to help curb the spread of COVID-19.

27. The Defendants' Orders completely deprived Plaintiff of all economically beneficial use of his business without just compensation.

28. Accordingly, as provided in Title 42 U.S.C. § 1983, Plaintiff is entitled to a declaratory judgment and damages, from the County and County Defendants, all as further prayed in their Prayer for Relief.

## COUNT THREE

### THE DUE PROCESS AND PRIVILEGES AND IMMUNITIES CLAUSES OF THE FOURTEENTH AMENDMENT

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

**(By Plaintiff against All Defendants)**

29.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30.     Plaintiff is guaranteed the right to travel as part of the liberties of which he cannot be deprived without the due process of law under the Fourteenth Amendment.

31.     Plaintiff's right to travel includes the right to travel intrastate.

32.     Plaintiff's right to travel is fundamental in nature under the Constitution of the United States.

33.     Plaintiff has been stripped of his right to travel by operation of the Executive Order and by the May 1 Order (and its predecessors), without regard to the fact that his right to travel is a constitutionally protected dimension of his right to engage in his lawful occupation and trade.

34.     Whatever abuse of the right to travel that the Defendants fear may be inflicted by individuals who respond to the COVID-19 pandemic, the correct and constitutional response readily available to the Defendants is to employ the force of government to remedy abuses of the right, not to prohibit broadly and indiscriminately the enjoyment of the right by Plaintiff or the public at large.

35.     The Orders complained of herein, injurious as they are to the fundamental right to travel, are not in service of a compelling government interest, are not narrowly tailored, and are capable of being preserved through less restrictive means, including, but not limited to, punishing the abuse of the right.

36.     The Executive Order and the May 1 Order (and its predecessors) mandate that Plaintiff stay at home and shut down his "Non-Essential" business.

37.     Requiring Plaintiff to abstain from conducting business operations, even those in compliance with the CDC's social distancing guidelines, violates Plaintiff's Constitutional right to travel.

38.     The Executive Order, the May 1 Order (and its predecessors), and the threats and enforcement of them constitute acts taken under color of State law, depriving Plaintiff of his right to travel as protected by the Due Process Clause.

39.     Plaintiff has no adequate remedy at law.

40.     Plaintiff has already suffered serious and irreparable injury and will continue to do so unless and until the Defendants are enjoined by this Court from enforcing the Orders complained of herein.

41.     Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders by the Defendants.

42.     Accordingly, as provided in Title 42 U.S.C § 1983, Plaintiff is entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT FOUR

**DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**
**(By Plaintiff against All Defendants)**

43.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44.     Section one of the Fourteenth Amendment to the United States Constitution states, in pertinent part as follows:

COMPLAINT

- 21 -

45.     "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law."

46.     Under its procedural aspect, the Due Process Clause of the Fourteenth Amendment prohibits the States from depriving a person of life, liberty, or property except if accomplished with appropriate procedural safeguards.

47.     Under its substantive aspect, the Due Process Clause of the Fourteenth Amendment prohibits the States from subjecting any person to the arbitrary exercise of the powers of government, unrestrained by the established principles of private rights and distributive justice.

48.     By summarily confining plaintiff and class members to their respective residences, without due process of law, Governor Gavin Newsom and Doe defendants, have, as a matter of law, injured Plaintiff, in violation of their rights, to be free of confinement, without legal due process, pursuant to Section One of the Fourteenth Amendment to the United States Constitution.

49.     The Executive Order and the May 1 Order (and its predecessors) are unconstitutionally vague, as to scope and duration, and appears to permit residents to be released from residential confinement only for the purpose of obtaining food, medication and/or healthcare without objectively specifying the extent a resident may be released from residential confinement.

50.     The Orders herein complained of – effectively sentencing Californians, including Plaintiff Tresner – to residential confinement is open-ended and entirely subjective, and based upon the subjective whims of the Defendants.

51.     Plaintiff has a fundamental property interest in conducting lawful business activities that are protected by the Due Process Clause of the Fourteenth Amendment.

52.     Pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff is entitled to substantive due process prior to being deprived of any property interest by the Defendants.

53.     At all relevant times, Plaintiff had vested property interests in his conduct and operation of his business.

54.     At all relevant times, Plaintiff had vested property interests in his business' goodwill.

55.     At all relevant times, Plaintiff had vested property interests in the conduct of his lawful occupation.

56.     Here, without due process, Defendants arbitrarily and unlawfully stripped Plaintiff of his property interest in his business.

57.     The Executive Order, the May 1 Order, and Defendants' threats and enforcement thereof all violate Plaintiff's substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution.

58.     Prior to taking final action, Defendants Newsom, Angell, County, and Kasirye willfully failed and refused to conduct any evidentiary or other due process hearing, failed to provide documentation upon which the changes in the vested property rights of Plaintiff were based, failed to give any explanation as to the purported just cause for removing Plaintiff's property rights, did not allow Plaintiff to call sworn witnesses to testify on his behalf, and in fact did not provide any justification whatsoever for stripping Plaintiff of his vested property rights.

COMPLAINT

- 23 -

59.     The Defendants are directly restrained and prohibited by the Due Process Clause of the Fourteenth Amendment from depriving Plaintiff of life, liberty, or property, without due process of law.

60.     The fundamental liberties protected by the Due Process Clause of the Fourteenth Amendment virtually mirror those rights protected from federal intrusion by the various provisions of the Bill of Rights, including the right of Plaintiff to make choices that are central to individual dignity and autonomy.

61.     The Executive Order, the May 1 Order (and its predecessors), and the threats and enforcement of them by the Defendants did not afford Plaintiff with a constitutionally adequate process to determine whether and to what extent, under the Constitution of the United States, those Orders could permissibly restrict and prohibit Plaintiff in the conduct of his business.

62.     In the promulgation of the Executive Order and the May 1 Order (and its predecessors), Defendants disregarded and trammeled on the procedural and substantive requirements of the Due Process Clause.

63.     The Executive Order and the May 1 Order (and its predecessors) violate the Due Process rights of Plaintiff because those Orders are void for unconstitutional vagueness.

64.     The Defendants' Orders and the Defendants' threats and enforcement of those Orders are the direct and proximate cause of the substantial deprivation of liberty and property worked by the Defendants on the rights and interests of Plaintiff.

65.     The Defendants' acts complained of herein directly and proximately deprived Plaintiff of his property and liberty rights without due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

66.     Plaintiff has no adequate remedy at law.

67.     Plaintiff has suffered, and will continue to suffer serious and irreparable harm to his constitutional rights unless the Defendants are enjoined from implementing and enforcing the Orders.

68.     Accordingly, as provided in Title 42 U.S.C. § 1983, Plaintiff is entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT FIVE

### EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
### (By Plaintiff against All Defendants)

69.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

70.     The Executive Order, the May 1 Order (and its predecessors), and Defendants' threats and enforcement thereof deny to Plaintiff the equal protection of the laws.

71.     The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" is an irrational classification that injures the fundamental rights of the Plaintiff to travel, to freely associate with others, and to conduct their lawful trade or occupation.

72.     The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" constitutes arbitrary and capricious government action that has irreparably harmed the Plaintiff.

73.     Because the Defendants' Orders and acts complained of herein impinge on fundamental rights, including the right to travel, the right to due process of law, and the liberty

COMPLAINT

- 25 -

to conduct one's trade, business, or occupation, those Orders and acts are subject to strict scrutiny under the Equal Protection Clause.

74.     The arbitrary classifications established in the Executive Order and the May 1 Order (and its predecessors) are not narrowly tailored measures that further compelling government interests, as stated hereinabove.

75.     Plaintiff has no adequate remedy at law.

76.     Plaintiff has already suffered serious and irreparable harm to their constitutional rights.

77.     Plaintiff will continue to suffer serious and irreparable harm unless the Defendants are enjoined from implementing and enforcing the Orders complained of herein.

78.     Accordingly, as provided in Title 42 U.S.C § 1983, Plaintiff is entitled to a declaratory judgment, an injunction, and from the County and County Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT SIX

### CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION
### (By Plaintiff against All Defendants)

79.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

80.     Article I, Section 10, Clause 1 of the United States Constitution states, "No State shall … pass any … Law impairing the Obligation of Contracts …."

81.     Plaintiff was, at the time of the promulgation of the Executive Order and the May 1 Order (and its predecessors), party to contracts with his clients for the provision of Rio Linda Fitness services and the use of the facility by his clients.

COMPLAINT

- 26 -

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

82.     The contracts to which Plaintiff was party to with his clients were lawful, freely negotiated, willingly entered into by the parties to them, and executed with the expectation of ongoing exchanges of benefits between the parties, an expectation both reasonable and legitimate at the time of the making of those nearly 800 contracts.

83.     The Executive Order and the May 1 Order (and its predecessors) have ordered and accomplished the complete closure of Plaintiff's gym.

84.     The object and purpose of the contracts between Plaintiff and his clients was to provide access to the facilities of the gym and the support and services made available therein.

85.     Under legal coercion, Plaintiff has been utterly barred from satisfying the terms and obligations established under his contracts with his clients as a direct and proximate result of the Executive Order and the May 1 Order (and its predecessors).

86.     Consequently, the impairment of Plaintiff's contractual relationships with his clients is certainly substantial because it has virtually served as a complete cancellation of those contracts, as Plaintiff may not, under the Orders complained of herein, open his gym for use by his contractual clients.

87.     Unlike utilities services, alcohol sales, or firearms sales, or pawn shops, the enterprise of Plaintiff, the operation of gym facilities for the use and benefits of his clients, is not now, and never has been, a business or industry subject to close regulation by the State of California, or the County of Sacramento.

88.     The requirement of the business license to conduct the business of a gym facility does not constitute heavy or close government regulation.

89.     There is no significant and legitimate public purpose behind the Orders complained of herein because there is no rational relationship between those Orders and any reasonable and legitimate interest of the government.

90.     The Executive Order and the May 1 Order do not satisfy the requirement that the adjustment of the rights and responsibilities of contracting parties is based on reasonable conditions.

91.     The Executive Order and the May 1 Order are not of a character appropriate to the public purpose justifying the promulgation and enforcement of the Orders complained of herein.

92.     Plaintiff has no adequate remedy at law to the Contract Clause violation inflicted on him by the Defendants.

93.     Plaintiff has already suffered serious and irreparable harm to his constitutional right to contract free from impairment.

94.     Plaintiff will continue to suffer serious and irreparable harm unless the Defendants are enjoined from implementing and enforcing the Orders complained of herein.

95.     Accordingly, as provided in Title 42 U.S.C. § 1983, Plaintiff is entitled to a declaratory judgment, an injunction, and, from the County and County Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT SEVEN

### LIBERTY CLAUSE OF THE CALIFORNIA CONSTITUTION
### (By Plaintiff against All Defendants)

96.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

97.     The United States Congress has granted to this Court the authority, in its discretion, to hear and decide those claims of Plaintiff arising under the law of the State of California that are substantially related to the claims arising under federal law.

98.     The California Constitution guarantees to Plaintiff the right to liberty, the right to acquire, possess, and protect property, and the right to pursue and obtain safety, happiness, and privacy.

99.     The Executive Order and the May 1 Order (and its predecessors) have interfered with Plaintiff's rights and liberties as set forth under Article 1, Sections 1 of the California Constitution, depriving Plaintiff of the use, enjoyment and ability to operate his business as a consequence of being discriminatorily classified as a "Non-Essential" business.

100.    The Executive Order and the May 1 Order (and its predecessors) are the proximate and legal cause of the injury to, and denial of, Plaintiff's right to liberty under the California Constitution.

101.    The Orders complained of herein are not a legitimate exercise of the police public health and safety power to quarantine Plaintiff because there is no reasonable ground on which the Defendants can claim to believe that Plaintiff is infected by an infectious disease.

102.    In promulgating the Orders complained of herein, in threatening to, and enforcing those Orders, neither Defendant Angell, nor Defendant Kasirye have satisfied the California Constitution's requirement that there is probable cause to believe Plaintiff has an infectious disease.

103.    The Orders complained of herein are arbitrary, unreasonable, unwarranted, and wrongful, and constitute oppressive interference with the personal liberty of Plaintiff in the absence of any basis therefore.

COMPLAINT

- 29 -

104.   The California Constitution's right to liberty prohibits the imposition of quarantine on Plaintiff because there is not even a mere suspicion that Plaintiff is infected with COVID-19, or is an asymptomatic carrier of the novel coronavirus responsible for the COVID-19 disease.

105.   The Executive Order and the May 1 Order (and its predecessors) completely prohibit Plaintiff from conducting lawful business in the State of California, even though other measures, including the social distancing protocols established by the CDC, satisfy the public health interests at stake.

106.   Consequently, the Orders complained of herein violate Plaintiff's right to liberty under the California Constitution.

107.   Plaintiff has no adequate remedy at law for this deprivation of the right to liberty under the California Constitution.

108.   Plaintiff will suffer serious and irreparable harm to his constitutional right to liberty under the California Constitution unless Defendants are enjoined from implementing and enforcing the Orders.

109.   California Code of Civil Procedure Section 1021.5 authorizes the award of attorneys' fees to Plaintiff in this case under the terms of that provision of law.

110.   Accordingly, as provided in Title 42 U.S.C. § 1983, Plaintiff is entitled to a declaratory judgment, an injunction, and, from the County and County Defendants, damages, all as further prayed in their Prayer for Relief.

## **COUNT EIGHT**

### **EQUAL PROTECTION CLAUSE THE CALIFORNIA CONSTITUTION**
### **(By Plaintiff against All Defendants)**

111.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

112.   Article 1, Section 7 of the California Constitution prohibits the State of California from denying to any person the equal protection of the laws.

113.   The California constitutional guarantee of equal protection is substantially equivalent to the Fourteenth Amendment's guarantee of equal protection, such that claims under the California Equal Protection Clause are subject to virtually the same analysis as federal Equal Protection Clause claims.

114.   The Executive Order, the May 1 Order (and its predecessors), and Defendants' threats and enforcement thereof deny to Plaintiff the equal protection of the laws guaranteed to him under the Equal Protection Clause of the California Constitution.

115.   The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" is an irrational classification that injures the fundamental rights of Plaintiff to travel, to freely associate with others, and to conduct his lawful trade or occupation.

116.   The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" constitutes arbitrary and capricious government action that has irreparably harmed Plaintiff.

117.   Because the Defendants' Orders and acts complained of herein impinge on fundamental rights, including the right to travel, the right to due process of law, and the liberty to conduct one's trade, business, or occupation, those Orders and acts are subject to strict scrutiny under the Equal Protection Clause of the California Constitution.

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

118.    The arbitrary classifications established in the Executive Order and the May 1 Order (and its predecessors) are not narrowly tailored measures that further compelling government interests, as stated hereinabove.

119.    Plaintiff has no adequate remedy at law.

120.    Plaintiff has already suffered serious and irreparable harm to their constitutional rights.

121.    Plaintiff will continue to suffer serious and irreparable harm unless the Defendants are enjoined from implementing and enforcing the Orders complained of herein.

122.    Accordingly, Plaintiff is entitled to a declaratory judgment, an injunction, and, from the County and County Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT NINE

### THE TAKINGS CLAUSE OF THE CALIFORNIA CONSTITUTION
### (By Plaintiff against All Defendants)

123.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

124.    The California Constitution, Article 1, Section 19, authorizes the taking of private property for public use only upon payment of just compensation.

125.    The Executive Order and the May 1 Order (and its predecessors) compel Plaintiff to forego entirely his lawful gym business in the State of California, destroying Plaintiff's legitimate expectations of return on investment and leaving no economically viable use of his property for him.

COMPLAINT

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

126.     The Defendants have not provided just compensation to Plaintiff, nor have the Defendants taken any step preliminary to or suggestive of any intention to justly compensate Plaintiff for the taking inflicted upon them.

127.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

128.     Accordingly, Plaintiff is entitled to a declaratory judgment that the Orders complained of herein constitute a taking under the California Constitution, together with an award of just compensation therefor, all as further prayed in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

129.     a. Declare that the Executive Order is null and void, of no effect;

130.     b. Declare that Defendant Angell's March 22, 2020 list of "Essential Critical Infrastructure Workers" following the Executive Order is null and void, of no effect;

131.     c. Declare that the May 1 Order is null and void, of no effect;

132.     d. Grant a TRO and a preliminary injunction to prevent the Defendants from enforcing or implementing their Orders until this Court decides the merits of this lawsuit.

133.     e. Permanently enjoin the Defendants, and all persons and entities in active concert or participation with Defendants, from enforcing the Orders.

134.     f. Award to Plaintiff compensatory damages for the injury to their federal civil and constitutional rights, as well as fix a just compensation for the taking of Plaintiff's property, all as authorized by Title 42 U.S.C. § 1983;

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

135.        g. Award to Plaintiff compensatory damages for the injury to their California constitutional and civil rights as authorized under state law;

136.        h. Award to Plaintiff the reasonable value of the loss of his business commandeered from him by virtue of Defendant Newsom's Executive Order, as authorized under Cal. Gov. Code § 8572.

137.        i. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action; and

138.        j. Grant all other such relief as the Court may deem just and proper.

**JURY DEMAND**

139.        For all causes herein so triable, Plaintiff demands trial by jury.


Dated: May 15, 2020                THE ROSENFELD LAW FIRM,


By _____
KENNETH L. ROSENFELD
Attorney for Plaintiff, STEPHEN TRESNER, an individual

By _____
N. ALLEN SAWYER
Attorney for Plaintiff, STEPHEN TRESNER, an individual

1

**<u>VERIFICATION</u>**

2         I, Stephen Tresner, having read the foregoing Verified Complaint, declare as follows:

3         1.      I am a party to this action.

4         2.      I have read the foregoing Verified Complaint and know of the contents thereof.

5         3.      The same is true of my own knowledge, except as those matters that therein are

6   stated on information as to information and belief. As to those matters, I believe them to be

7   true.

8         I declare under penalty of perjury under the laws of the United States of America that

9   the foregoing is true and correct.

10        Executed on _May 15, 2020_ , at _Sacramento_ , California

11

12

13                           Stephen Tresner

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' APPLICATION

- 35 -

THE ROSENFELD LAW FIRM
1107 9th STREET, SUITE 850
SACRAMENTO, CA 95814
TEL (916) 447-2070

## CERTIFICATE OF SERVICE

*STEPHEN TRESNER V.* GAVIN NEWSOM, ET AL.
USDC Eastern District of California Case No._____.

I, the undersigned, am employed in the County of Sacramento, California. I am over the age of 18 and not a party to the within action. My business address is
_____.

On May ___, 2020, I served the following document(s)**: PLAINTIFFS' COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL** on all the appearing and/or interested parties in this action by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

|  |  |
|---|---|
|  |  |

The documents were served by the following means:

**X        [ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this day May _____, 2020, at Sacramento, California.

_____  _____
(                                                    )